**CLOSED**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| DMITRY GORBATY, | |
| Plaintiff, | |
| v. | Civ. No. 09-2436 (SRC) |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | ORDER |
| Defendant. | |

**CHESLER**, District Judge

　　This matter comes before the Court on the application of pro se Plaintiff Dmitry Gorbaty to file a Complaint without prepayment of fees pursuant to 28 U.S.C. § 1915. Based on Plaintiff's affidavit of indigence, the Court finds that Plaintiff qualifies for in forma pauperis status pursuant to 28 U.S.C. § 1915. However, having thoroughly reviewed Plaintiff's allegations, the Court finds that sua sponte dismissal of all four claims contained in the Complaint is required pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) based on Plaintiff's failure to state claims upon which relief may be granted by the Court.

　　At the outset, the Court notes that because Plaintiff is proceeding pro se, the Court construes the pleadings liberally and holds them to a less stringent standard than those filed by attorneys. Haines v. Kerner, 404 U.S. 519, 520 (1972). 28 U.S.C. §1915 governs proceedings

filed in forma pauperis, and is designed to ensure that individuals with limited financial resources have meaningful access to the federal courts. Neitzke v. Williams, 490 U.S. 319, 324 (1989). However, to prevent abusive or captious litigation, Section 1915 requires the Court to examine the merits of the claims asserted and requires dismissal if the complaint is frivolous or fails to state a claim upon which relief can be granted.  28 U.S.C. §1915(e)(2)(B)(i) and (ii).  Under 28 U.S.C. §1915(e)(2)(B)(ii), the Court must dismiss all or part of an action which fails to state a claim upon which relief may be granted.  The applicable standard of review for the failure to state a claim provision is the same as the standard for a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Grayson v. Mayview State Hosp., 293 F.3d 103 (3d Cir. 2002). Under that standard, a court must accept the truth of a plaintiff's factual allegations. Morrison v. Madison Dearborn Capital Partners III L.P., 463 F.3d 312, 314 (3d Cir. 2006). However, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

      According to the Complaint, on or about February 8, 2009, Plaintiff received two forms from Defendant titled "Cancellation of Debt," which represented that Plaintiff had owed $3469.07 and $3472.93.  Each form "had 1099-C printed at the bottom."  (Complaint ¶ 9.) Plaintiff alleges that, on or about February 16, 1009, he sent a letter by certified mail disputing these debts and requesting that Defendant verify these obligations.  (Id. ¶ 11.)   Further, he alleges that he incurred expenses by "engaging accountant CPA to review and advice (sic) on this matter."  (Id. ¶ 13.)  Plaintiff contends that he has "never signed or had any agreement with

Portfolio." (Id. ¶ 14.) Based upon the allegations contained in the Complaint, the Court cannot ascertain any basis upon which Plaintiff may proceed with his claims for violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. (hereinafter "FDCPA"). The mere mailing and receipt of a Cancellation of Debt IRS Form 1099-C, through which Defendant purportedly notified Plaintiff that two separate debts were being cancelled and alerted him to the fact that the amount of cancelled debt may be treated as income by the IRS, simply does not state a claim for violations of the FDCPA. Plaintiff has offered no facts to support the allegations that Defendant used unconscionable means and furnished deceptive forms in the collection of a debt. Indeed, there is not even the allegation that Defendant has attempted to collect on a debt allegedly owed by Plaintiff. Even by the most generous reading of Plaintiff's allegations, there is simply no reasonable basis upon which for Plaintiff to assert violations of the FDCPA. Based on the foregoing, the Complaint will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim under the FDCPA upon which relief may be granted.

Accordingly,

**IT IS** on this 21st day of July 2009,

**ORDERED** the Plaintiff's application to proceed in forma pauperis is **GRANTED** and the Clerk shall file the Complaint without prepayment of the filing fee; and it is further

**ORDERED** that the Plaintiff's Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. §1915(e)(2); and it is further

**ORDERED** that this case is **CLOSED**.

                                            s/ Stanley R. Chesler
                                     **STANLEY R. CHESLER, U.S.D.J.**